UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GIUSEPPE BOCCANFUSO, | : | |
|     Plaintiff, | : | No. 3:17-CV-00162 (VLB) |
| | : | |
| v. | : | |
| | : | December 28, 2017 |
| EDWARD ZYGMANT, TERRANCE | : | |
| DUNN, JR., PHILLIP RESTIERI, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS [DKT. 13]**

Plaintiff Giuseppe Boccanfuso ("Plaintiff" or "Boccanfuso") has filed this action against Town of Westport officials Edward Zygmant ("Zygmant") and Terrance Dunn, Jr. ("Dunn"), and Westport Police Department official Phillip Restieri ("Restieri") (collectively, "Defendants") arising out of his arrest, the prosecution, and his acquittal of alleged violations of first degree reckless endangerment, Conn. Gen. Stat. § 53a-63[1], and failure to abate a fire hazard, Conn. Gen. Stat. § 29-306. Plaintiff brings forth five counts: (1) deprivation of constitutional rights in violation of 42 U.S.C. § 1983, (2) reckless infliction of emotional distress, (3) negligent infliction of emotional distress, (4) false imprisonment, and (5) malicious prosecution. Before the Court is Defendants' Motion to Dismiss Counts Two and Three of the Complaint for failure to state a

---

[1] Plaintiff cites Conn. Gen. Stat. § 53a-60, which is the provision for second degree assault. Because Plaintiff specifically references first degree reckless endangerment, the Court presumes he intended to refer to Conn. Gen. Stat. § 53a-63.

1

claim upon which relief may be granted. [Dkt. 13]. For the foregoing reasons, the motion is GRANTED as to Count Two and DENIED as to Count Three.

Background

The following facts are taken from the Complaint and are assumed to be true for the purposes of this motion. Fire Marshall Zygmant, Fire Inspector Dunn, and Officer Restieri investigated Mr. Boccanfuso and secured an arrest warrant on March 3, 2014. [Dkt. 1 (Compl.) ¶¶ 5-10]. The warrant alleged violations of first degree reckless endangerment in violation of Conn. Gen. Stat. § 53a-63 and failure to abate a fire hazard in violation of Conn. Gen. Stat. § 29-306. The arrest warrant affidavit allegedly indicated "the oil tank was tested for flammable vapors and metered a reading 100% over the lower range of the explosive limit." *Id.* ¶ 11. Mr. Boccanfuso alleges that a meter was not the method to read the tank interior, the tank did not otherwise meter the alleged limits, and the meter could not measure the vapors referenced. *Id.* ¶¶ 11-13. The tank would not explode as the affidavit alleged and did not constitute a fire hazard or violate rules and regulations as set forth by the Office of the State Fire Marshall. *Id.* ¶¶ 15-16. It is also alleged the arrest warrant incorrectly indicated soil samples tested positive for contamination. *Id.* ¶ 20.

A representative from the Department of Energy and Environmental Protection ("DEEP") notified Mr. Boccanfuso in the presence of Defendants Zygmant and Dunn that Mr. Boccanfuso could remove the tank from the ground and reuse it for waste oil. *Id.* ¶ 17. Mr. Boccanfuso did not need a "fire watch" unless the tank was opened. *Id.* Plaintiff complied with DEEP's tank removal

requirements. *Id.* ¶ 18. DEEP investigated Mr. Boccanfuso's case and closed the investigation without finding any violations. *Id.* ¶ 19.

Mr. Boccanfuso alleges Defendants investigated and drafted the arrest warrant affidavit with reckless disregard for the truth. *Id.* ¶ 20. He avers Defendants mislead the magistrate who signed the warrant by recklessly omitting material facts in disregard for the truth. *Id.* ¶ 23. Without the material omissions, Defendants would not have shown probable cause for the warrant. *Id.* ¶ 24. Mr. Boccanfuso was compelled to retain counsel and attend court proceedings for two years before his acquittal on March 21, 2016. *Id.* ¶ 27. As a result, Mr. Boccanfuso experienced severe emotional distress including "great humiliation, strains upon his marriage, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep, and loss of time from personal pursuits." *Id.* ¶ 30.

## Legal Standard

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556

3

U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## Analysis

Defendants move to dismiss Plaintiff's claims for reckless infliction of emotional distress and negligent infliction of emotional distress. Plaintiff does not object to dismissal of the reckless infliction of emotional distress claim. The Court therefore DISMISSES Count Two and will address only Count Three: negligent infliction of emotional distress.

Under Connecticut law, a claim for negligent infliction of emotional distress has four elements: "(1) the defendant's conduct created an unreasonable risk of

causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003). Defendants challenge the third element, contending that Plaintiff's allegations of intentional conduct are insufficient for a negligent infliction of emotional distress claim.

Plaintiff alleges he suffered emotional distress, including "great humiliation, strains upon his marriage, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep, and loss of time from personal pursuits." *Id.* ¶ 30. The Court notes that several of these allegations, particularly anxiety and loss of sleep, are legitimate diagnosable illnesses under the Diagnostic and Statistical Manual of Mental Disorders ("DSM-V"), Am. Psychiatric Ass'n (5th ed. 2003).

The Court also finds that Connecticut trial courts routinely deny motions to dismiss where the plaintiff alleges anxiety and loss of sleep in the complaint in the absence of a claim of attendant physical injury. *See, e.g., Witt v. Yale-New Haven Hosp.*, 51 Conn. Supp. 155, 169 (Conn. Super. Ct. 2008) (addressing a negligent infliction of emotional distress claim in a motion to strike and ruling, "Indeed, the anxiety the plaintiffs experienced as a result of the lost ovarian tissue was so predictably severe that the defendant should have known that it could reasonably lead to illness or physical injury."); *Burns v. Grudberg*, No. CV156051882S, 2015 WL 5626361, at *13 (Conn. Super. Ct. Aug. 20, 2015) (denying

5

motion to strike negligent infliction of emotional distress claim where plaintiff alleged suffering "severe emotional distress which included mental, physical and emotional harm, substantial loss of sleep and anxiety"); *Dichello v. Marlin Firearms Co.*, No. CV06500296S, 2007 WL 429474, at *3 (Jan. 22, 2007) (in a workplace sexual harassment case also alleging a negligent infliction of emotional distress claim, finding "the hostile workplace caused her anxiety and other negative emotional effects, resulting in severe depression, loss of sleep, and physical trauma" sufficient to survive a motion to strike); *Goldenberry Ltd. v. Thornton*, No. X08CV010184707, 2005 WL 1394778, at *4 (Conn. Super. Ct. May 13, 2005) (denying motion to strike negligent infliction of emotional distress claim where defendant's phone calls and accusations of unauthorized charges "were deeply disturbing to [plaintiff], caused her to fear physical attack, caused panic and anxiety attacks, loss of sleep and nightmares"); *see generally, Hebrew Home and Hosp., Inc. v. Brewer*, 92 Conn. App. 762, 772-73 (2005) (finding a reasonable attorney might have felt there existed probable cause to bring a negligent infliction of emotional distress claim when the attorney's client was alleged to require medication for anxiety). Such allegations are therefore sufficient to survive the Rule 8 pleading standard.

Defendants' reliance on *Abdella v. O'Toole*, 343 F. Supp. 2d 129 (D. Conn. 2004) and *Cuadrado v. Cocchiola*, No. 3:14-cv-1160 (AWT), 2016 U.S. Dist. LEXIS 105482 (D. Conn. Aug. 10, 2016) does not persuade this Court that Plaintiff fails to satisfy the third element of the *Carrol* test. Both are decisions ruling on summary judgment in which the court considers whether there is a genuine issue of

material fact. As stated above, here the Court must determine instead whether the well-pleaded facts alleged in the complaint and assumed to be true are sufficient to state a claim. *See Iqbal*, 556 U.S. at 679 (requiring the court to determine whether a complaint "plausibly give[s] rise to an entitlement to relief"). The district court in both cases found the evidence insufficient to establish emotional distress severe enough to lead to "illness or bodily harm." *See Abdella*, 343 F. Supp. 2d at 141 ("There is no evidence in this case that the actions of the defendants caused the plaintiffs to suffer illness or bodily harm."); *Cuadrado*, 2016 U.S. Dist. LEXIS 105482, at *25 (finding plaintiffs' allegations of being "worried, depressed, unhappy in their community, and that they lost trust in the police" as a result of the search did not constitute distress "so severe as to cause illness or bodily harm without some proof of such harm," and asserting "the record is devoid of sufficient proof on this point"). Indeed, implicit in the fact that *Abdella* and *Cuadrado* reached the summary judgment stage is that the complaints satisfied the Rule 8 pleading standard; therefore, these cases are neutral or support Plaintiff's position.

The Court has reviewed the Complaint and finds that it alleges facts sufficient to warrant a negligent infliction of emotional distress claim.[2]

## Conclusion

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss. Count Two is hereby DISMISSED

---

[2] The Court does not find Defendants' argument about "intentional" conduct persuasive as it is based on New York district court cases applying New York state law, which is not applicable here. *See* [Dkt. 13-1 (Mem. Mot. Dismiss) at 7].

but all other claims remain. This case is referred to Magistrate Judge Robert A. Richardson for a settlement conference and the parties are directed to contact his chambers.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Order dated in Hartford, Connecticut on December 28, 2017.